FILED
2015 Mar-17  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EUGENE MILTON CLEMONS, II,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.  2:10-CV-2218-SLB** |
| | ) | |
| **WILLIAM G. SHARP, JR., Interim** | ) | |
| **Commissioner, Alabama Department of** | ) | |
| **Corrections; WALTER MYERS,** | ) | |
| **Warden, Holman Correctional Facility,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on respondents' Motion to Dismiss Eugene Clemons's Untimely-filed Petition for Writ of Habeas Corpus. (Doc. 25.)[1] Petitioner Eugene Milton Clemons, II, protectively filed a Petition for Writ of Habeas Corpus in this court on August 16, 2010.  (Doc. 1.)  After a stay of the matter pending additional state post-conviction proceedings, respondents, William G. Sharp, Jr. and Walter Myers, filed a Motion seeking to dismiss Clemons's petition as untimely filed.  Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that respondents' Motion to Dismiss Eugene Clemons's Untimely-filed Petition for Writ of Habeas Corpus, (doc. 25), is due to be granted in part and denied in part.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Pursuant to the Antiterrorism and Effective Death Penalty Act [hereinafter "AEDPA"], Antiterrorism and Effective Death Penalty Act's (AEDPA):

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244(d). "[Subsection] 2244(d)(1) provides that a '1-year period of limitation shall apply to an *application* for a writ of habeas corpus.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005)(emphasis in *Pace*).  Subsection 2244(d)(1) "provides one means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A)(date of final judgment), but three others . . . require claim-by-claim consideration, § 2244(d)(1)(B)

(governmental interference); § 2244(d)(1)(C)(new right made retroactive); § 2244(d)(1)(D) (new factual predicate)." *Id*. In this Circuit, "the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case." *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir.)(en banc); *see also id.* at 927 (Carnes, J., concurring specially)("Adopting the petitioner's interpretation of the statutory language [that § 2244(d)(1)(B)-(D) applied to the *application* as a whole] would mean that every time the Supreme Court issued a decision recognizing a new, retroactively applicable constitutional right, the statute of limitations bar would be lifted for any and all other claims a petitioner wished to bring. And that would be true no matter how old those other claims were, no matter how unrelated they were to the new law claim, and no matter how baseless the new law claim was in that case.").

This case is a "multiple trigger date case." *See id*. at 926. Petitioner has raised an *Atkins* claim,[2] (doc. 1 ¶¶ 27-41, at pp. 27-30 [stating as a ground for relief, "Mr. Clemons is

---

[2]On June 2, 2002, the Supreme Court decided *Atkins v. Virginia*, 536 U.S. 304 (2002). In *Atkins*, the Supreme Court held:

> Our independent evaluation of the issue reveals no reason to disagree with the judgment of the legislatures that have recently addressed the matter and concluded that death is not a suitable punishment for a mentally retarded criminal. We are not persuaded that the execution of mentally retarded criminals will measurably advance the deterrent or the retributive purpose of the death penalty. Construing and applying the Eighth Amendment in the light of our evolving standards of decency, we therefore conclude that such punishment is excessive and that the Constitution places a substantive restriction on the State's power to take the life of a mentally retarded offender.

*Id*. (internal citation and quotations omitted). "[T]here is no question that the rule . . . announced by the Supreme Court in *Atkins* . . . is a new rule of constitutional law made

mentally retarded and cannot be executed under the United States Supreme Court decision in *Atkins v. Virginia*"]), which the parties agree is timely pursuant to § 2244(d)(1)(C).  (Doc. 28 at 25; doc. 30 at 22.)  Therefore, respondents' Motion to Dismiss, (doc. 25), will be denied as to petitioner's *Atkins* claim.

As for Clemons's remaining grounds for relief, respondents contend the claims are barred by § 2244(d)(1)(A)'s one-year statute of limitations, and such claims are not subject to either statutory or equitable tolling.

## A.  STATUTORY TOLLING

The issue for this court to decide is whether petitioner's Rule 32 post-conviction petition was "properly filed" in the Alabama state court on December 27, 1999, or on January 28, 2000.  Clemons's conviction became final on January 25, 1999, the date the Supreme Court of the United States denied his petition for writ of certiorari.  Pursuant to § 2244(d)(1), Clemons had one year to file his federal habeas petition; however, this one-year limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," *id.* (d)(2).  Therefore, if Clemons's Rule 32 petition was "properly filed" on December 27, 1999, the time for filing his habeas petition in this court was tolled and his habeas petition is timely.  However, if his Rule 32 petition was not "properly filed" until January 28, 2000, the time for filing his

---

retroactive to cases on collateral review by the Supreme Court that was previously unavailable."  *In re Holladay*, 331 F.3d 1169, 1172 (11th Cir. 2003).

federal habeas petition expired and his petition, save his *Atkins* claim, was untimely filed.[3]
*See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)("We note in closing that none
of the documents Sibley attempted to file with the state courts after August 10, 2001 – the
deadline for filing a federal habeas petition – could in any way toll that deadline because,
once a deadline has expired, there is nothing left to toll.  A state court filing after the federal
habeas filing deadline does not revive it."  (citing *Moore v. Crosby*, 321 F.3d 1377, 1381
(11th Cir. 2003))).

The undisputed facts show that Clemons, represented by counsel, filed his Petition for
Relief from Judgment Pursuant to Rule 32 of the Alabama Rules of Criminal Procedure
[hereinafter "Rule 32 Petition"] without a filing fee or application to waive the filing fee and
proceed in forma pauperis.  Clemons has filed a copy of his Rule 32 Petition, which was
stamped "received & filed" on December 27, 1999, by the Court Clerk of the Circuit Court
of Shelby County.  (Doc. 28-1 at 2.)  His Rule 32 Petition contained the following request
for relief – "Provide Mr. Clemons, who is indigent and incarcerated, funds sufficient to
present witnesses, experts, and other evidence in support of the allegations in this Petition
and any amendments thereto."  (*Id*. at 32.)

On December 27, 1999, Rule 32.6(a) of the Alabama Rules of Criminal Procedures
provided:

---

[3]The parties agree that, unless tolled, the deadline for filing his federal habeas petition
expired no later than January 26, 2000.  (*See* doc. 25 at 9; doc. 28 at 7.)

A proceeding under this rule is commenced by filing a petition, verified by the petitioner or petitioner's attorney, with the clerk of the court. A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c)).[4] The petition should be filed by using or following the form accompanying this rule. If that form is not used or followed, the court shall return the petition to the petitioner to be amended to comply with the form. The petition shall be accompanied by two copies thereof. It **shall** also be accompanied by **the filing fee** prescribed by law or rule in civil cases in circuit court **unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis**, in which event the fee shall be waived. If the petitioner desires to prosecute the petition in forma pauperis, he shall file the In Forma Pauperis Declaration at the end of the form. In all such cases, the petition shall also be accompanied by a certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution, which certificate may be considered by the court in acting upon his application for leave to proceed in forma pauperis. Upon receipt of the petition and the filing fee, or an order granting leave to the petitioner to proceed in forma pauperis, the clerk shall file the petition[5] and promptly send a copy to the district attorney (or, in the case of a petition filed in the municipal court, to the municipal prosecutor).

Ala. R. Crim. P. 32.6(a)(2000)(footnotes and emphasis added).

---

[4]On December 27, 1999, Rule 32.2(c) provided that a two-year statute of limitations for filing a Rule 32 petition for post-conviction relief, measured from the date the certificate of judgment was issued by the Court of Criminal Appeals. Ala. R. Crim. P. 32.2(c)(2000). Therefore, Clemons's Rule 32 Petition was "timely" filed under Alabama law whether it was deemed filed in January 2000, when he filed his application to proceed in forma pauperis, or December 1999, when he filed his Rule 32 Petition without the filing fee and without a request to waive the fee.

[5]The Alabama Court of Criminal Appeals held, "A Rule 32 petition is **deemed filed** for purposes of the limitations period the date the petition, accompanied by a request to proceed in forma pauperis, is submitted to the circuit court, not the date the circuit court grants the request to proceed in forma pauperis." *Hyde v. State*, 950 So. 2d 344, 353 (Ala. Crim. App. 2006).

The Circuit Court's Case Action Summary shows that Clemons's Rule 32 Petition was "filed" on January 28, 2000 – noting:

> Motion to proceed In Forma Pauperis filed.
> Declaration in support of [motion to] proceed In Forma Pauperis filed.
> Petition for relief from conviction or sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure filed.
> Grounds of petition filed.

(Doc. 28-3 at 2.)

On March 14, 2000, Clemons filed a Motion to Correct Clerical Error, asking the court "to correct a clerical error of the Clerk of the Circuit Court of Shelby County," and "direct[ ] the Clerk to docket, as filed on December 27, 1999, Petitioner's [Rule 32] Petition." (Doc. 28-7 at 2.)   The state court set Clemons's motion for a hearing and specifically instructed counsel "to provide the Court with appropriate case law re: the issue of filing without the appropriate Motion to Proceed In Forma Pauperis and order thereon being filed with the original petition." (Doc. 28-3 at 3.)  On May 4, 2000, after a hearing on the matter, the state court denied Clemon's Motion to Correct Clerical Error because "the Court finds the Defendant's Rule 32 Petition was properly filed on January 28, 2000." (*Id* at 5.)

The Circuit Court's decision to deny Clemons's Motion to Correct Clerical Error was affirmed on appeal.  *Clemons v. State*, 55 So. 3d 314, 335 (Ala. Crim. App. 2003), *rev'd on other grounds Ex parte Clemons*, 55 So. 3d 348 (Ala. 2007)(holding that Court of Criminal

Appeals could not raise procedural bar of preclusion *sua sponte* absent extraordinary circumstances).  In its decision, the Alabama Court of Criminal Appeals held:

> In this case, the petition that counsel attempted to file on December 27, 1999, was not accompanied by a filing fee or a request to proceed *in forma pauperis*.  Therefore, the petition was not properly filed at that time, as contemplated by Rule 32.6(a), Ala. R. Crim. P.  Thereafter, on January 28, 2000, a Rule 32 petition and a request to proceed *in forma pauperis* were presented to the circuit clerk, and that was the date the circuit clerk used as the filing date for the Rule 32 petition.  The circuit court did not grant the request to proceed in forma pauperis until February 2, 2000.  Therefore, the circuit court should have used February 2, 2000, as the filing date.[6]  However, as the appellant concedes, any error regarding the filing date is not important in this case because the appellant timely filed his petition.  Under these circumstances, the circuit court properly denied the appellant's request to change the filing date to December 27, 1999.

*Id*.

Clemons contends that his Rule 32 Petition was filed on December 27, 1999, based on two rules:

> First, when there is a discrepancy regarding a filing date, the petition is deemed filed when stamped as such by the court.  *See Ex parte Nesbitt*, 850 So. 2d 228, 229 (Ala. 2002).  Second, if a petition initially contains some insufficiency, such as an incomplete filing fee or IFP request, Alabama law deems it properly filed when first submitted to the court so long as the defect

---

[6]In *Hyde v. State*, the Court of Criminal Appeals held that the Rule 32 Petition, overruled the *Clemons*'s court's finding that the Rule 32 Petition is deemed filed when the filing fee is waived by the grant of IFP status.  *See Hyde v. State*, 950 So. 2d 344, 348, 353 and n.6 (Ala. Crim. App. 2006).  It held that, "to the extent that *Clemons* holds that a Rule 32 petition is not deemed 'filed' until the date the circuit court grants the request to proceed in forma pauperis, it is hereby overruled;" however, it noted, "In those cases, as in *Clemons*, in which a petition is initially submitted without a request to proceed in forma pauperis, the correct filing date would be the date the request to proceed in forma pauperis is eventually submitted."  *Id*. at 353 and n.6.

is cured within a reasonable period of time.  *See id.* at 231-32; *Garrett v. State*, 644 So. 2d 977, 980 (Ala. Crim. App. 1994), *overruled on other grounds by Ex parte Jenkins*, 972 So. 2d 159 (Ala. 2005); *Hyde v. Alabama*, 950 So. 2d 344, 353 (Ala. Crim. App. 2006).  These two rules, separately and together, dictate that Mr. Clemons'[s] Rule 32 petition be deemed properly filed on December 27, 1999 because (1) the court stamped it filed and received on that date and (2) the deficiency contained in Mr. Clemons' initial IFP request was promptly cured.

(Doc. 28 at 10.)

The fact that the Circuit Court Clerk stamped Clemons's Rule 32 Petition "received and filed" does not indicate that the Rule 32 Petition was "properly filed" as that term has been interpreted by the Supreme Court.  In *Artuz v. Bennett*, 531 U.S. 4 (2000), the Court stated, "If, for example, an application is erroneously accepted by the clerk of a court lacking jurisdiction, or ***is erroneously accepted without the requisite filing fee***, it will be *pending*, but not *properly filed*."  *Artuz*, 531 U.S. at 9 (bold emphasis added; other emphasis in original).  The court, therefore, finds that the "filed" stamp on the face of Clemons's Rule 32 Petition does not prove that his Rule 32 Petition was "properly filed" on December 27, 1999.

The undisputed facts show that Clemons's Rule 32 Petition was not accompanied by the required filing fee or an application to waive the filing fee in conformity with Rule 32's requirements.  However, Clemons contends that a request for relief included in his Rule 32 Petition constituted an application to proceed in forma pauperis, although not in the required "form."  (Doc. 28 at 12.)  As stated above, Clemons's Rule 32 Petition contained this request for relief – "Provide Mr. Clemons, who is indigent and incarcerated, funds sufficient to

9

present witnesses, experts, and other evidence in support of the allegations in this Petition and any amendments thereto." (Doc. 28-1 at 32.) This request for relief makes no mention of a filing fee or ask for waiver of the same. The court has rejected this argument in a factually-similar case. In *Smith v. Campbell*, Case No. 5:05-CV-1547-LSC-JEO, a death habeas case, the petitioner Smith, like Clemons, had argued that his request to be provided "funds sufficient to present witnesses, experts and other evidence" contained in his Rule 32 Petition was the equivalent of an IFP motion, although not in the proper technical form. The court held:

> Smith acknowledges that the Rule 32 application filed on September 27, 2001, was not accompanied by an In Forma Pauperis ("IFP") Declaration or the filing fee. (Doc. 17 at 5-6). He also does not deny that he never filed a Declaration or statement of his prisoner account, and did not pay the filing fee until February 6, 2002. (*Id.*). Instead, he states that "Alabama law does [not] require a motion to proceed in forma pauperis to be in a prescribed form." (*Id.* at 6 n. 5 (citing ALA. R. CRIM. P. 32.6(a)). He further argues,

> > In the prayer for relief at the end of Mr. Smith's state habeas petition, Mr. Smith stated: "Petitioner Ronald Bert Smith, Jr. respectfully asks this Honorable court to grant him the following relief. . . (b) provide petitioner, who is indigent, with funds sufficient to present witnesses, experts, and other evidence in support of the allegations contained in this petition." (E.H. CR. 157). While Mr. Smith's request to proceed in forma pauperis was not in the proper form, Alabama courts have no authority to provide funds to a petitioner absent a petitioner being deemed in forma pauperis. Accordingly, it is implied, that Mr. Smith, in his prayer for relief, was requesting to proceed in forma pauperis.

> (*Id.*).

> Contrary to Smith's assertion, the foregoing language in his prayer for relief does not imply that he be granted IFP status so that the filing fee could be waived. The filing fee is not even mentioned nor did Smith file a certified

copy of his prison account funds as proof of indigence.  Smith also does not provide any case law illustrating that Alabama has no authority to "provide funds" in the absence of an IFP declaration.  In order to properly file the petition, the mandatory language of Rule 32.6(a) required Smith [to file] a separate declaration form and proof of financial indigence by producing a certified copy of his prison account.  Smith clearly did neither.

For the foregoing reasons, this court rejects Smith's argument that he properly filed his Rule 32 application in accordance with State form and filing requirements.  The September 27, 2001, Rule 32 application was not properly filed, and therefore did not trigger the tolling requirements of 28 U.S.C. §2244(d)(2).

*Smith v. Campbell*, Case No. 5:05-CV-1547-LSC-JEO, doc. 32 at 19-20 (N.D. Ala. Jan. 15, 2009).

The Eleventh Circuit affirmed and held:

Although the February 6, 2002 filing was timely under Alabama's two year statute of limitations, it was not within the one year statute of limitations required by AEDPA.  Relying on statutory tolling, Smith[, the petitioner], argues that we should consider the Rule 32 Petition as having been "properly filed" on September 27, 2001, when it was originally submitted to the Clerk, albeit without the filing fee or a motion to proceed *in forma pauperis*. However, Alabama law precludes such a construction of AEDPA's requirement for a "properly filed" state petition.  *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000) ("[A]n application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").  Alabama law requires that a Rule 32 petition "be accompanied by the filing fee prescribed by law or rule in civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition *in forma pauperis*."  Ala. R. Crim. P. 32.6(a). Alabama courts have unequivocally required that one of these formalities, either the payment of the filing fee or the filing of an in forma pauperis motion, be completed in order for a Rule 32 petition to be considered properly filed.  *See, e.g.*, *Ex Parte Carter*, 807 So. 2d 534, 536-37 (Ala. 2001)(holding that where neither a filing fee nor a motion to proceed *in forma pauperis* were filed with a Rule 32 petition, the Alabama circuit court lacked jurisdiction to

consider the petition precisely because the petitioner had omitted them); *Hyde v. Alabama*, 950 So. 2d 344, 353 (Ala. Crim. App. 2006)("A Rule 32 petition is deemed filed for purposes of the limitations period the date the petition, accompanied by a request to proceed in forma pauperis, is submitted to the circuit court, not the date the circuit court grants the request to proceed in forma pauperis."); *Clemons v. State*, 55 So. 3d 314, 333-37 (Ala. Crim. App. 2003)("[I]n this case, the petition that counsel attempted to file on December 27, 1999, was not accompanied by a filing fee or a request to proceed in forma pauperis. Therefore, the petition was not properly filed at that time, as contemplated by Rule 32.6(a), Ala. R.Crim. Pro."), *rev'd on other grounds*, *Ex parte Clemons*, 55 So. 3d 348 (Ala.2007), *overruled in part by Hyde*, 950 So. 2d at 353. [Footnote] Accordingly, we find no reversible error in the district court's determination that Smith's federal habeas petition was time barred because it was not filed within AEDPA's one-year statute of limitations, which was not statutorily tolled because Smith's Rule 32 Petition had not been "properly filed" during AEDPA's one-year limitation period. *See* 28 U.S.C. § 2244(d)(2).

> [Footnote:] Smith's reliance on *Hyde* as support for his position is unpersuasive. In *Hyde*, the state court was willing to treat the date of the original submission of the Rule 32 petition as the properly filed date because the petitioner *had* fully complied with the state court filing fee rules by filing a motion to proceed *in forma pauperis* and it was the court that caused the delay by not ruling on the motion to proceed *in forma pauperis* for some time. 950 So. 2d at 353. *Hyde*'s rationale is simply inapplicable here, where *neither* the filing fee nor motion for *in forma pauperis* was filed. Nor do we find *Garrett v. State*, 644 So. 2d 977 (Ala.Crim.App.1994), *overruled by Ex parte Jenkins*, 972 So. 2d 159 (Ala.2005), applicable to support Smith's argument that his filing date should relate back to the date that his petition was originally sent to the Clerk. *Garrett* addressed the requisite form for a Rule 32 petition. It is not applicable to the circumstances here,[7] especially in light of the Alabama law explicitly addressing the failure involved in this case.

---

[7]Those "circumstances" included a request for relief, similar to that included in Clemons's Rule 32 Petition, and failure to pay the filing fee or file an IFP petition. *See Smith v. Campbell*, No. 5:05-cv-01547-LSC-JEO, doc. 32 at 19-20.

*Smith v. Commissioner, Alabama Dept. of Corrections*, 703 F.3d 1266, 1270-71 & n.4 (11th Cir. 2012)  Clemons contends that his situation "is readily distinguishable" from *Smith* because *Smith* "addresses only a petition that did not contain any sort of request for IFP status."  (Doc. 28 at 13.)  However, Smith's circumstances are indistinguishable from Clemons's circumstances.

Based on binding Supreme Court and Eleventh Circuit caselaw, the court finds that Clemons's Rule 32 Petition was not properly filed until after the expiration of the deadline for filing his § 2254 habeas petition.  Therefore, Clemons is not entitled to any period of statutory tolling pursuant to § 2244(d)(2).

In the alternative, the court finds that the Rule 32 Petition was not "properly filed" based on the state-courts' decisions denying his motion to have his Rule 32 Petition deemed filed on December 27, 1999.  *See Carroll v. Price*, Case No. 5:14-CV-0065-JHH-TMP, 2015 WL 225468, *4 (N.D. Ala. Jan. 16, 2015)("For this court's purposes, therefore, these [state-court orders finding Rule 32 Petition not timely filed because no filing fee was paid with petition] mean that petitioner never 'properly filed' the Rule 32 petition and it had no statutory tolling effect.").  This finding is entitled to deference.  *Allen v. Siebert*, 552 U.S. 3, 7 (2007)(citing, *inter alia*, *Pace v. DiGuglielmo*, 544 U.S. 408, 414-17 (2005); *see also Cross*

*v. McDonough*, No. 4:06cv460-RH/WCS, 2008 WL 817088, *6 (N.D. Fla. March 25, 2008).

## B. EQUITABLE TOLLING

"[Section] 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (quoting *Pace*, 544 U.S. at 418))(internal quotations omitted). "Because a lawyer is the agent of his client, a federal habeas petitioner – who does not have a constitutional right to counsel – is ordinarily bound by his attorney's errors . . . ." *Cadet v. Fla. Dep't of Corr.*, 742 F.3d 473, 477-78 (11th Cir.2014). Therefore, the Eleventh Circuit has held "that attorney negligence, however gross or egregious, does not qualify as an 'extraordinary circumstance' for purposes of equitable tolling; abandonment of the attorney-client relationship . . . is required." *Id*. at 481.

But for counsel's failure to pay the filing fee or submit an application for waiver of the filing fee Clemons's Rule 32 Petition would have been filed on December 27, 1999, and would have tolled the time for filing his federal habeas petition. However, counsel did not pay the filing fee or submit an in forma pauperis application to waive the fee until January 28, 2000, after the expiration of the statute of limitations for filing the federal petition. Counsel's failure to pay the filing fee or submit an application for waiver of the fee did not constitute an abandonment; rather, their error appears to have been "garden variety"

14

negligence.[8]  Therefore, counsel's  error is not an extraordinary circumstance sufficient to

warrant equitable tolling of the time for filing his federal habeas petition..

---

[8]Counsel for Clemons has submitted an affidavit, in which he states that an employee in the Shelby County Circuit Clerk's Office "informed [him] that a check for a filing fee was not necessary to file the [Rule 32] Petition."  (Doc. 28-12 ¶ 4.)  Also, he stated:

> If the Shelby County Clerk's office had indicated that a filing fee was necessary, I would have sent a check . . . with the Rule 32 Petition on December 27, 1999.  If the Shelby County Clerk's office had indicated on December 27, 1999, or anytime thereafter, that a filling fee was necessary, I would have had a check sent immediately to the courthouse.  If I had not seen the file-stamped Rule 32 Petition marked "received and filed" on January 3, 2000, I would have inquired and then sent a check.  Because there was no indication that a check might be required until after the *In Forma Pauperis* Petition had been filed, no check was ever issued from my law firm for the Rule 32 Petition in this matter.

(*Id*. ¶ 6.)  Counsel contends, "As a result of my conversation with the Clerk's office, it was my understanding that no fee was required to accompany the Rule 32 Petition."  (*Id*. ¶ 7.)

The court does not question the reasons given by counsel for his failure to pay the filing fee at the time he filed the Rule 32 Petition.  Although he may have been misled to assume that no filing fee or an application to waive the filing fee was necessary at the time of filing, his assumption that the Rule 32 Petition would be "properly filed" on December 27, 1999, was not reasonable, even considering the statement and subsequent non-action of the Shelby County Clerk's Office.  Rule 32.6 plainly stated that the filing fee or waiver of the filing fee was required at the time of filing.  Moreover, nothing in the words or actions of the Clerk's Office constitute an extraordinary circumstance that prevented counsel from paying the filing fee or submitting an application to waive the fee on December 27, 1999, or filing his federal habeas petition within the time allowed.  *See Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.")

## CONCLUSION

For the foregoing reasons, the court is of the opinion that respondents' Motion to Dismiss Eugene Clemons's Untimely-filed Petition for Writ of Habeas Corpus, (doc. 25), will be granted in part and denied in part.  The court finds Ground I of Clemons's § 2254 Habeas Petition, alleging "Mr. Clemons is mentally retarded and cannot be executed under the United States Supreme Court decision in *Atkins v. Virginia*," (doc. 1, subsection C.I., ¶¶ 27-41, at pp. 27-30), is timely filed and, therefore, respondents' Motion to Dismiss will be denied as to this ground.  However, all other claims set forth in the habeas petition, (*see* doc. 1, subsections C.II.-XXXII), are untimely and the Petition will be denied as to these grounds. An Order granting in part and denying in part respondents' Motion to Dismiss Eugene Clemons's Untimely-filed Petition for Writ of Habeas Corpus, (doc. 25), will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 17th day of March, 2015.

SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE